### PRICE & LUCAS CIDER & VINEGAR CO. v. LUCAS, Internal Revenue Collector.

District Court, W. D. Kentucky, at Louisville. January 3, 1930.

Woodward, Hamilton & Hobson, of Louisville, Ky., for plaintiff.

T. J. Sparks, U. S. Atty., and Frank A. Ropke, Asst. U. S. Atty., both of Louisville, Ky., and C. M. Charest, General Counsel Bureau Internal Revenue, and E. E. Angevine, Attorney Bureau of Internal Revenue, both of Washington, D. C., for defendant.

DAWSON, District Judge. This case is before me on final submission; the parties in writing having waived a jury and requested a separation of my findings of fact and conclusions of law. The sole question is whether or not the collection of the taxes sought to be recovered herein was barred at the time of their payment by the applicable statute of limitation. The facts are stipulated.

The plaintiff kept its books and made its income tax return on a calendar year basis. On March 14, 1920, it filed its income tax return for the year 1919 and paid the tax shown to be due by that return. On March 11, 1921, it filed its income tax return for the year 1920, and paid the tax shown to be due by that return. On October 13, 1924, the Commissioner sent a 30-day letter to the plaintiff, advising it of a deficiency in taxes for the years 1919 and 1920, aggregating $10,275.46. On November 13, 1924, the plaintiff and the Commissioner of Internal Revenue, as authorized by the Act of 1924, executed a waiver in the following words:

"November 13, 1924.

"Income and Profits Tax Waiver.

"In pursuance of the provisions of existing Internal Revenue Laws, Price & Lucas Cider and Vinegar Company, a taxpayer at Louisville, Kentucky, and the Commissioner of Internal Revenue, hereby consent to extend the period prescribed by law for a determination, assessment, and collection of the amount of income, excess profits, or war profits taxes due under any return made by or on behalf of said taxpayer for the years 1919 and 1920 under the Revenue Act of 1924, or under prior income, excess profits, or war profits tax Acts, or under Section 38 of the Act entitled 'An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes' approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation within which assessments of taxes may be made for the year or years mentioned, or the statutory period of limitation as extended by Section 277(b) of the Revenue Act of 1924, or by any waivers already on file with the Bureau."

On September 5, 1925, the Commissioner of Internal Revenue sent the plaintiff by mail a 60-day letter, proposing to assess against it $9,715.45 additional tax for the year 1919, and $1,560.01 additional tax for the year 1920. On October 23, 1925, the plaintiff filed with the Board of Tax Appeals a petition contesting the deficiency in taxes for the years 1919 and 1920 asserted by the Commissioner. On November 4, 1925, the plaintiff and the Commissioner executed the following tax waiver:

"Louisville, Ky., November 4, 1925.

"Income and Profits Tax Waiver.

"In pursuance of the provisions of existing Internal Revenue Laws, Price and Lucas Cider and Vinegar Company, a taxpayer of Louisville, Kentucky, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess profits, or war profits taxes due under any return made by or on behalf of said taxpayer for the year 1919, under existing revenue acts, or under prior revenue acts.

"This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date, and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be

extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board."

On January 25, 1927, the United States Board of Tax Appeals entered the following order, dismissing the petition filed by the plaintiff on October 23, 1925: "This proceeding having come on for hearing January 25, 1927, and counsel for the petitioner having moved to dismiss without objection by counsel for the respondent, it is hereby ordered that the motion be and the same is hereby granted and the proceeding dismissed. The amount of the deficiency is $9,715.45 for the year 1919 and $1,560.01 for the year 1920, as determined by the Commissioner."

On February 26, 1927, the Commissioner of Internal Revenue assessed against the plaintiff, and certified to the defendant collector, said sums of $9,715.45, additional income and profits taxes for the taxable year 1919, and $1,560.01 for the year 1920, and on March 14, 1927, the plaintiff paid these amounts under protest. Application for a refund was made and denied prior to the institution of this suit.

It seems to me that the parties in this cause have made a rather difficult case out of what appears to me to be a perfectly simple one, when the applicable statute is correctly read and applied in connection with the waivers hereinbefore referred to.

Section 277(a) of the Revenue Act of 1924 (26 USCA § 1057, note), in part provides that any income, excess profits, or war profits taxes imposed by the Act of August 5, 1909, the Act of October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such act as amended " * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period."

■ Subdivision (b) of section 277 provides: "The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by sixty days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 [section 1048] and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board."

There cannot be any misunderstanding of the meaning of the subdivision quoted above.

It means that if the five-year limitation had not run at the time a deficiency letter was mailed to a taxpayer, the limitation of five years was automatically extended to five years and sixty days, if no appeal was filed with the Board of Tax Appeals within such sixty day period. If an appeal was filed, then the period of limitation applicable, instead of being five years, automatically became five years plus such additional time as intervened between the date of mailing the deficiency letter and the date of final decision by the Board.

■ Now the return for the year 1919 was filed on March 14, 1920. In the absence of any waiver or other condition extending the five-year period, limitation within which an assessment could have been made expired on March 14, 1925. On November 13, 1924, however, following the mailing of the deficiency letter of October 13, 1924, the waiver hereinbefore referred to was executed. This waiver specifically provided that it should continue in effect " * * * from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation within which assessments of taxes may be made for the year or years mentioned, or the statutory period of limitation as extended by Section 277(b) of the Revenue Act of 1924, or by any waivers already on file with the Bureau."

This waiver undoubtedly means that the taxpayer consented that the assessment and collection might be made at any time within one year after the expiration of the five-year period of limitation, or within one year after the extended period of statutory limitation provided for in section 277(b) of the Revenue Act of 1924, in event the taxpayer appealed to the Board of Tax Appeals from the proposed deficiency assessment. Such an appeal was filed. Therefore, disregarding the date of mailing the first deficiency letter and counting only from September 5, 1925, the date of the mailing of the sixty-day letter, and disregarding the statutory provision that decisions of the Board shall become final within a fixed number of days following the entry of its order, and treating the order of the Board as final immediately upon its entry on January 25, 1927, and counting only to that date, the statutory period of limitation of five years was, by the provisions of section 277(b) automatically extended so as to be five years plus one year four months and twenty days, which would have made the extended statutory pe-

riod of limitation for 1919 taxes expire on August 3, 1926. The waiver of November 13, 1924, however, provided that limitation should not expire until one year after the end of the extended statutory period, which would make limitation run on August 3, 1927, as to the taxes for the year 1919.

On November 4, 1925, however, another waiver was signed as to the 1919 taxes which provided: "This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1926, and shall then expire, except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals, then said date shall be extended sixty days, or (2) if an appeal is filed with said Board, then said date shall be extended by the number of days between the date of the mailing of said notice of deficiency and the date of final decision by said Board."

Figuring limitation under this waiver, limitation did not run for the year 1919 until one year four months and twenty days after December 31, 1926, which would have been May 20, 1928. Thus, as to the 1919 taxes under either waiver, limitation had not run at the time the taxes were assessed and collected. Inasmuch as the waiver of November 13, 1924, applied to the 1920 taxes also, it is, of course, very readily apparent that limitation had not run on these taxes at the time same were assessed and collected.

For the reasons stated, I am of the opinion that the plaintiff is not entitled to recover in this case, and judgment to that effect may be prepared and presented for entry.